IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALLAN A. MYERS, LP, a Pennsylvania Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 12-1038-LPS |
| NEW CASTLE COUNTY, a political subdivision of the State of Delaware, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## MEMORANDUM ORDER

Currently before the Court is Plaintiff's Motion to Consolidate. (D.I. 38) For the reasons set forth below, the Court will grant the motion.

1.       Plaintiff Alan A. Myers, LP ("AAM") has initiated this proceeding against Defendant New Castle County ("NCC"), alleging that NCC owes AAM payment for certain work that resulted from unforseen circumstances. (D.I. 1 at 5) Specifically, pursuant to a contract, NCC hired AAM to serve as general contractor to rehabilitate the aging sewer system known as Governor Printz Interceptor. (D.I. 38 at 1)

2.       In a related case, Plaintiff U.S. Composite Pipe South, LLC ("U.S. Composite") asserts claims against AAM for its failure to pay U.S. Composite for pipe it manufactured for AAM to use in its work for NCC. (*Id.* at 2) AAM's defense to U.S. Composite's claims in the related action include that any breach of its obligations to U.S. Composite "was the fault of NCC." (*Id.* at 3) AAM has indicated it "will undoubtedly issue a third-party complaint against NCC in the U.S. Composite Litigation asserting claims of indemnification and other claims

against NCC." (D.I. 46 at 1)  AAM further contends that "any compensation due to U.S.

Composite for the [p]ipe will be determined by the terms of the contract documents between

NCC and [AAM]." (D.I. 38 at 3)

3.      NCC opposes consolidation, contending "there are no common issues of law or

fact between this case and the case involving [AAM] and non-party U.S. Composite." (D.I. 44 at

1)  In the view of NCC, "[p]lainly, the two cases are not related to each other." (*Id.* at 3)

Further, the "evidence in this case does not relate to the evidence in the U.S. Composite Action."

(*Id.* at 5)

4.      Likewise, U.S. Composite opposes consolidation. (C.A. 13-469-LPS D.I. 9)

"While US Composite agrees that both cases relate to the [Governor Printz Interceptor] Project,

US Composite is only involved in a discrete portion of the Project, supplying Pipe to AAM,

whereas AAM was hired by NCC to be the general contractor." (*Id.*)

5.      NCC has served a third-party complaint on PB American, Inc. ("PB"), the

construction manager and engineer for the Governor Printz Interceptor project on which AAM

was the general contractor. (D.I. 38 at 4)  PB takes no position on consolidation.

6.      Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate

actions that involve a common issue of law or fact. The Court has broad discretion in

determining whether consolidation is appropriate. *See Borough of Olyphant v. PPL Corp.*, 153

F. App'x 80, 82 (3d Cir. Oct. 20, 2005). In exercising this discretion, the Court balances "the risk

of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on

common factual and legal questions, the burden on the parties and the court, the length of time,

and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l*

*Ass'n of Mortgage Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286

(D.D.C. 2011). Cases "may be consolidated even where certain defendants are named in only one of the complaints." *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009).

7.      The Court finds that there are common issues between the instant action and the action brought by U.S. Composite. Both cases relate to the same construction project. Additionally, in defending against U.S. Composite's claims against it, AAM will in the related action seek indemnity from NCC – regardless of whether the Court consolidates the two actions. (D.I. 46 at 4) Further demonstrating a factual overlap is AAM's contention that the "purchase order between [AAM] and U.S. Composite incorporates by reference the contract documents between [AAM] and NCC for the Project." (*Id.* at 3)

8.      Under the circumstances, consolidation will promote judicial economy by preventing inconsistent rulings and eliminating "needless repetition." *Mut. First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 283 (S.D. Ala. 1989). The Court is not persuaded by NCC and U.S. Composite that consolidation will unduly delay resolution of their claims nor confuse the jury. To the contrary, as trial is more than a year away there is sufficient time for all parties to conduct discovery and complete their trial preparations. Additionally, the Court set aside adequate trial time to accommodate a consolidated trial.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Consolidate (D.I. 38) is GRANTED.

IT IS FURTHER ORDERED THAT *U.S. Composite Pipe South, LLC v. Allan A. Myers, L.P., et al.*, C.A. No. 13-cv-469-LPS shall be consolidated into these proceedings. The caption for the consolidated proceedings shall be as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLAN A. MYERS, LP, a Pennsylvania Corporation,    ) <br> ) <br> ) <br> Plaintiff,    ) <br> ) <br> v.    ) <br> ) <br> NEW CASTLE COUNTY, a political subdivision of the State of Delaware,    ) <br> ) <br> Defendant.    ) | Civil Action No. 1:12-cv-01038-LPS <br> C.A. No. 12-1038-LPS <br><br> JURY TRIAL DEMANDED |

ALLAN A. MYERS, LP, a Pennsylvania
Corporation,

        Plaintiff,

        v.

NEW CASTLE COUNTY, a political
subdivision of the State of Delaware,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:12-cv-01038-LPS
C.A. No. 12-1038-LPS

JURY TRIAL DEMANDED


U.S. COMPOSITE PIPE SOUTH, LLC,
a Louisiana limited liability company,

        Plaintiff,

        v.

ALLAN A. MEYERS, LP, a Pennsylvania
corporation, SAFECO INSURANCE OF
AMERICA, a Washington Corporation, and
ARCH INSURANCE COMPANY, a
Missouri corporation,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 13-469-LPS

CONSOLIDATED


July 24, 2013
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE